IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3235 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BARB ALBERS, LYNN QUIZNER, | ) | |
| ROD CONFER, and NEBRASKA | ) | |
| EQUAL EMPLOYEERENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins ("Plaintiff") filed his Complaint (Filing No. 1) on December 4, 2014. This court has given him leave to proceed in forma pauperis. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## II. DISCUSSION OF CLAIMS

Plaintiff sued the Nebraska Equal Opportunity Commission ("NEOC") and NEOC employee, Barb Albers. He also sued Rod Confer, who was a city attorney at the time, and Lynn Quizner, who is an ombudsman. Plaintiff alleged the NEOC and Albers denied his right to appeal housing, public accommodation, and employment discrimination cases. (Filing No. 1 at CM/ECF p. 1.) He does not explain how the NEOC and Albers denied his right to appeal.

Plaintiff also alleged he complained to Confer and Quizner but "they failed to act." (*Id.* at CM/ECF pp. 1-2.) For relief, he asks that he be allowed to retroactively appeal all decisions issued by the NEOC concerning his various complaints. (*Id.*) In

addition, he asks for monetary relief in the amount of $30,000.00 from each Defendant. (*Id.*)

Plaintiff's factually unsupported and conclusory allegations about the denial of his right to appeal are insufficient to state a claim for relief. While pro se pleadings must be construed liberally, such pleadings may not be merely conclusory; the complaint must allege facts, which if true, state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1285-1286 (8th Cir. 1980). Indeed, "there is a difference between liberally reading a claim which 'lacks specificity' . . . and inventing, *ex nihilo*, a claim which simply was not made." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir.1996). On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff must file an amended complaint within 30 days that states a plausible claim for relief. Failure to do so will result in the court dismissing this action for failure to state a claim upon which relief may be granted.

2. The clerk of the court is directed to set a pro se case management deadline: May 18, 2015: check for amended complaint.

DATED this 15th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.